**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **SHENZHEN SHENLAIYIBI INTELLIGENT TECHNOLOGY CO., LTD.  and YI WU SHI ZHAO EN TI YU YONG PIN YOU XIAN GONG SI d/b/a FED Fitness,**<br><br>Plaintiffs,<br><br>v.<br><br>**SHENZHENSHIHAOQINGWANGLUOKEJIYOU XIANGONGSI d/b/a UNNMIIY FITNESS, SHENZHENSHIXINJUNLONGKEJIYOUXIANG ONGSI d/b/a US-UNNMIIY, and HANGZHOUZIKEDIANZISHANGWU CO., LTD. d/b/a BRANDONSUPER**<br><br>Defendants. | Civil Action No.  4:25-cv-01007<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT**<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiffs Shenzhen Shenlaiyibi Intelligent Technology Co., Ltd. ("Shenlaiyibi") and Yi Wu Shi Zhao En Ti Yu Yong Pin You Xian Gong Si d/b/a FED Fitness ("FED Fitness") (collectively, "Plaintiffs") file this Complaint against Shenzhenshihaoqingwangluokejiyouxiangongsi d/b/a UNNMIIY FITNESS, Shenzhenshixinjunlongkejiyouxiangongsi d/b/a US-UNNMIIY and Hangzhouzikedianzishangwu Co., Ltd. d/b/a BrandonSuper (collectively, "Defendants"), alleging, based on their own knowledge as to themselves and their own actions, and based on information and belief as to all other matters, as follows:

## INTRODUCTION

1.      This is an action for patent infringement, trade dress infringement, unfair competition, and unjust enrichment arising from Defendants' unauthorized manufacture, importation, sale, and offer for sale of products that copy Plaintiffs' patented and distinctive product designs.

2.      Plaintiff Shenzhen Shenlaiyibi Intelligent Technology Co., Ltd. ("Shenlaiyibi") is the owner of U.S. Design Patent No. D950654, entitled Kettlebell, and U.S. Design Patent No. D948642, entitled Barbell (collectively, the "Patents-in-Suit").

3.      Plaintiff Yi Wu Shi Zhao En Ti Yu Yong Pin You Xian Gong Si d/b/a FED Fitness ("FED Fitness") operates the Amazon storefront "FED Fitness" and is the owner and user of the distinctive trade dress embodied in Plaintiffs' fitness products. FED Fitness has standing to assert claims for trade dress infringement, unfair competition, and unjust enrichment.

4.      Defendants  Shenzhenshihaoqingwangluokejiyouxiangongsi  d/b/a  UNNMIIY FITNESS,  Shenzhenshixinjunlongkejiyouxiangongsi  d/b/a  US-UNNMIIY  and Hangzhouzikedianzishangwu Co., Ltd. d/b/a BrandonSuper are Chinese companies that operate e-commerce storefronts and sell products in the United States, including through Amazon.com and TEMU.

5.      Defendants have manufactured, imported into the United States, advertised, offered for sale, and sold fitness products, including adjustable dumbbells, barbells, and kettlebells, that infringe the Patents-in-Suit.

6.      Defendants' products also imitate the distinctive trade dress associated with FED Fitness in a manner likely to cause confusion among consumers regarding source, sponsorship, or affiliation, thereby infringing Plaintiffs' trade dress and constituting unfair competition.

7.      Defendants have profited from their infringing activities without authorization, license, or consent from Plaintiffs, resulting in unjust enrichment at Plaintiffs' expense.

8.      Plaintiffs seek damages, injunctive relief, and all other remedies available at law and in equity to stop Defendants' unlawful conduct and to remedy the harm caused by Defendants' actions.

## THE PARTIES

9.      Plaintiff Shenzhen Shenlaiyibi Intelligent Technology Co., Ltd. ("Shenlaiyibi") is a corporation organized under the laws of China, with a principal place of business at Unit 2701, 27th Floor, Tower C, Huanzhi Center, No. 3639 Longhua Avenue, Jingxin Community, Longhua Street, Longhua District, Shenzhen City, Guangdong Province, China. Shenlaiyibi is the owner, by assignment, of the Patents-in-Suit.

10.     Plaintiff Yi Wu Shi Zhao En Ti Yu Yong Pin You Xian Gong Si d/b/a FED Fitness ("FED Fitness") is a corporation organized under the laws of China, with a principal place of business at 28 Baoshang Road, 1st Floor, 23rd Street, Yiwu City, Zhejiang Province, China, 322013. FED Fitness operates the Amazon storefront "FED Fitness" (Store ID: A166UV5MBVKEJY) and owns the trade dress embodied in its fitness products sold in the United States.

11.     On      information      and      belief,      Defendant Shenzhenshihaoqingwangluokejiyouxiangongsi d/b/a UNNMIIY FITNESS is a foreign corporation organized under the laws of China, with a principal place of business located at No. 101, 66 Nanyuan 2nd Road, Fenghuang Community, Pinghu Street, Longgang District, Shenzhen City, Guangdong Province, 518000, China.

12.    On information and belief, Defendant Shenzhenshixinjunlongkejiyouxiangongsi d/b/a US-UNNMIIY is a foreign corporation organized under the laws of China, with a principal place of business located at No. 301, 66 Nanyuan 2nd Road, Fenghuang Community, Pinghu Street, Longgang District, Shenzhen City, Guangdong Province, 518000, China. Junhuang Xia serves as the US-UNNMIIY's legal representative, executive director, and general manager.

13.    On information and belief, Defendant Hangzhouzikedianzishangwu Co., Ltd. d/b/a BrandonSuper is a foreign corporation organized under the laws of China, with a principal place of business located at Room 15662, No. 260, Jiangshu Road, Xixing Street, Binjiang District, Hangzhou City, Zhejiang Province, 310051, China.

## JURISDICTION AND VENUE

14.    This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, et seq., including at least § 271(a), as well as for trade dress infringement, unfair competition, and unjust enrichment.

15.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § § 1331 and 1338(a).

16.    On information and belief, Defendants have purposefully directed sales of the infringing products to residents in this Judicial District and throughout the United States, including through their Amazon storefronts "UNNMIIY FITNESS" and "US-UNNMIIY," as well as through other e-commerce platforms, including the TEMU storefront "BrandonSuper." *See* Exhibit F.

17.    The claims alleged herein arise at least in part out of or are related to Defendants' business activities directed toward the United States, including the sale and offer for sale of

infringing products to residents of this Judicial District. Defendants should reasonably and fairly anticipate being brought into court in this Judicial District.

18.    On information and belief, Defendants have placed, and continue to place, infringing products into the stream of commerce with the knowledge and intent that such products are imported into, sold in, and/or used in the United States, including in this Judicial District.

19.    On information and belief, Defendants have made sales of infringing products to U.S. residents, including residents of this Judicial District, through Amazon.com, TEMU, and other e-commerce platforms.

20.    This Court also has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2).

21.    On information and belief, Defendants are not residents of the United States. Because Defendants are foreign corporations not resident in the United States, venue is proper pursuant to 28 U.S.C. § 1391(c)(3), and Defendants may be sued in any judicial district.

## **BACKGROUND FACTS**

### **A. Patents-in-Suit**

22.    U.S. Design Patent No. D950654 (the "'654 Patent"), entitled Kettlebell, was duly and legally issued by the United States Patent and Trademark Office on May 3, 2022, after full and fair examination. A copy of the '654 Patent is attached as Exhibit A.



**Figure 1 of U.S. Design Patent No. D950654 (Kettlebell)**

23.     U.S. Design Patent No. D948642 (the "'642 Patent"), entitled Barbell, was duly and legally issued by the United States Patent and Trademark Office on April 12, 2022, after full and fair examination. A copy of the '642 Patent is attached as Exhibit B.



**Figure 1 of U.S. Design Patent No. D948642 (Barbell)**

24.     Plaintiff Shenlaiyibi is the sole owner of the Patents-in-Suit. Shenlaiyibi owns all right, title, and interest in the Patents-in-Suit, including all rights of recovery for past, present, and future infringement. *See* Exhibit H.

**25.**     The Patents-in-Suit carry a presumption of validity under 35 U.S.C. § 282(a) and are enforceable.

**B. Plaintiff's Trade Dress**

26.     In addition to the Patents-in-Suit, Plaintiff Yi Wu Shi Zhao En Ti Yu Yong Pin You Xian Gong Si d/b/a FED Fitness ("FED Fitness") owns rights in the distinctive trade dress embodied in the overall appearance of its adjustable dumbbells, barbells, and kettlebells. *See* Exhibit E.

27.     FED Fitness's trade dress consists of the unique and non-functional overall configuration, proportions, and ornamental features of its products, which together create a distinctive visual impression readily identifiable to consumers.

28.     An exemplary illustration of FED Fitness's trade dress is reproduced below:



**Exemplary Image of FED Fitness's Product Promotional Page**

29.     FED Fitness's trade dress is inherently distinctive and, through use in commerce, serves to identify FED Fitness's products to consumers and to distinguish them from competing products.

30.     The trade dress is non-functional and has acquired distinctiveness and secondary meaning, such that consumers associate the configuration and appearance of FED Fitness's products with FED Fitness as their source.

## C. Defendants' Infringing Conduct

## 1. Patent Infringement

31.     Defendants have manufactured, imported into the United States, distributed, advertised, offered for sale, and sold fitness products, including adjustable dumbbells, barbells, and kettlebells, that infringe the ornamental designs claimed in the Patents-in-Suit.

32.     The infringing products include, without limitation, the following Amazon Standard Identification Numbers (ASINs): B0CZ3HT6X6, B0CZ39TFTP, B0D8W7NXCP, B0CZ3D4PSW, B0CZ3BWFZN, B0CZ3GMX4G, B0FG2DTZ15, B0FG29JQV7, B0FG29X8BF, B0FG2DS6VN, and B0FG29LY3C, as well as TEMU Item ID MH298651. *See* Exhibit G.

33.     A comparison of the drawings in the Patents-in-Suit with Defendants' products demonstrates that an ordinary observer, familiar with the prior art, would be deceived into believing that Defendants' products embody the patented designs. Representative claim charts demonstrating Defendants' infringement of the '654 Patent and the '642 Patent are attached hereto as Exhibits C and D, respectively.





| Representative Infringing Product (ASIN B0CZ3HT6X6) | Figures of U.S. Design Patent No. D948642 (Barbell) |
| Representative Infringing Product (ASIN B0CZ3HT6X6) | Figure of U.S. Design Patent No. D950654 (Kettlebell) |

34.    Defendants' infringing conduct has occurred without license, authorization, or consent from Shenlaiyibi.

**2. Trade Dress Infringement**

35.     Defendants' products also imitate FED Fitness's distinctive trade dress, which consists of the unique and non-functional overall configuration, proportions, and ornamental features of FED Fitness's fitness products.

36.     Moreover, Defendants' product listings almost uniformly use the same set of identical images and designs across their storefronts, demonstrating not only deliberate copying of FED Fitness's trade dress, but also the interconnectedness among Defendants.

37.     FED Fitness's trade dress is exemplified by the configuration of its dumbbells, barbells, and kettlebells, including but not limited to the product depicted below and further detailed in Exhibit E:



| Exemplary Image of Defendants' Product Configuration | Exemplary Image of FED Fitness's Product Configuration |
|---|---|

38.     Defendants' copying of FED Fitness's trade dress is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, or affiliation of Defendants' products.

39.    By adopting FED Fitness's trade dress without authorization, Defendants unfairly compete with FED Fitness in the U.S. marketplace and erode the goodwill associated with FED Fitness's product designs.

40.    Defendants' trade dress infringement, like their patent infringement, has been undertaken knowingly, intentionally, and willfully.

41.    Plaintiffs have suffered, and will continue to suffer, irreparable harm as a result of Defendants' patent infringement and trade dress infringement, and Plaintiffs lack an adequate remedy at law.

**3. Allegations Of Willfulness**

42.    From May 26, 2022, until May 20, 2023, Junhuang Xia was employed by Plaintiff Shenlaiyibi. His employment was terminated after the company discovered that he had disclosed confidential supplier information to third parties.

43.    During Junhuang Xia's employment, Xia executed a Confidentiality and Non-Competition Agreement with Shenlaiyibi. That agreement prohibited (1) disclosure of Shenlaiyibi's technical or business secrets, and (2) engaging in any business competing with Shenlaiyibi's scope of business, including the establishment of competing enterprises, for a period of two years following the termination of his employment.

44.    Despite these restrictions, on July 10, 2023, less than two months after his termination, Xia established Shenzhenshixinjunlongkejiyouxiangongsi d/b/a US-UNNMIIY, a cross-border e-commerce business engaged in the sale of fitness products—including dumbbells, barbells, and kettlebells—that directly compete with Shenlaiyibi's and FED Fitness's products.

45.    Xia had clear knowledge of Plaintiffs' products, markets, and technology, and was bound by confidentiality and non-compete obligations. Yet, in blatant disregard of these

obligations, he immediately established US-UNNMIIY after his departure and began selling products substantially similar to those of Plaintiffs. These actions were undertaken willfully and deliberately, constituting intentional infringement of Plaintiffs' design patents and trade dress, as well as unfair competition.

46.     Upon information and belief, the evidence—including Defendants' promotional materials, storefront naming conventions, and overlapping company addresses—demonstrates that Defendants are not acting independently, but rather are operating under common ownership and control, or in concert pursuant to a coordinated scheme. As such, Defendants are jointly and severally liable for the infringing acts alleged herein.

### COUNT I – INFRINGEMENT OF THE '654 PATENT AND THE '642 PATENT

47.     Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

48.     Plaintiff Shenzhen Shenlaiyibi Intelligent Technology Co., Ltd. ("Shenlaiyibi") is the owner of the '654 Patent and the '642 Patent, with all substantive rights in and to these patents, including the sole and exclusive right to bring this action, enforce the Patents-in-Suit against infringers, and collect damages for all relevant times.

49.     Defendants have directly infringed and continue to directly infringe the '654 Patent and the '642 Patent by making, using, importing, supplying, distributing, selling, and/or offering for sale fitness products, including adjustable dumbbells, barbells, and kettlebells, within the United States, products that copy the ornamental designs covered by the Patents-in-Suit, in violation of 35 U.S.C. § 271(a).

50.     As evidenced by the representative comparisons attached as Exhibits C and D, the designs of Defendants' products are substantially the same as the designs claimed in the Patents-in-Suit. The designs are so similar as to be nearly identical such that an ordinary

observer, giving such attention as a purchaser usually gives, would be deceived by the substantial similarity between the designs so as to be induced to purchase Defendants' products believing them to be substantially the same as the designs protected by the Patents-in-Suit.

51.    Upon information and belief, Defendants have made and continue to make unlawful gains and profits from their infringement of the Patents-in-Suit.

52.    Upon information and belief, Defendants have been on notice of the Patents-in-Suit and their infringement thereof at least as early as the filing of this Complaint. Accordingly, Defendants' infringement of the Patents-in-Suit has been willful and deliberate at least since this date.

53.    Plaintiff Shenlaiyibi has been damaged and irreparably harmed by Defendants' infringement of the Patents-in-Suit and is entitled to relief under 35 U.S.C. § § 154(d) and 284. Shenlaiyibi will continue to suffer damages and irreparable harm unless Defendants are permanently enjoined by this Court from continuing their infringement.

### COUNT II – TRADE DRESS INFRINGEMENT
### (15 U.S.C. § 1125(a))

54.    Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

55.    Defendants' acts complained of herein constitute trade dress infringement in violation of 15 U.S.C. § 1125(a). In particular, Defendants' acts relating to the manufacture, importation, advertisement, distribution, and sale of adjustable dumbbells, barbells, and kettlebells that copy FED Fitness's distinctive product configuration constitute trade dress infringement in violation of 15 U.S.C. § 1125(a).

56.    Defendants' use of FED Fitness's trade dress and/or reproductions, counterfeits, copies, or colorable imitations thereof is likely to cause confusion, mistake, or deception as to

the affiliation, connection, and/or association of Defendants with FED Fitness and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with FED Fitness.

57.     FED Fitness's trade dress is entitled to protection under the Lanham Act. FED Fitness's trade dress includes unique, inherently distinctive, and non-functional designs. FED Fitness has promoted and used its trade dress in commerce in the United States, and through that use, FED Fitness's trade dress has become a known indicator of origin for its fitness products. FED Fitness's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, FED Fitness's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of FED Fitness's trade dress in connection with the infringing products.

58.     Plaintiffs have been damaged by Defendants' unlawful use of FED Fitness's trade dress, and, unless enjoined, Defendants' unlawful use of FED Fitness's trade dress will continue to cause substantial and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law. The injury includes at least substantial and irreparable harm to the goodwill and reputation for quality associated with FED Fitness, FED Fitness's trade dress, and Plaintiffs' fitness products.

59.     Defendants' use of FED Fitness's trade dress has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the substantial similarity of the infringing product design to FED Fitness's trade dress, as demonstrated in the comparisons attached hereto.

60.    Plaintiffs are entitled to injunctive relief, and Plaintiffs are entitled to recover at least Defendants' profits, Plaintiffs' actual damages, enhanced damages/profits, costs, and reasonable attorney fees under at least 15 U.S.C. § § 1125(a), 1116, and 1117.

61.    In view of the nature of Defendants' acts in violation of 15 U.S.C. § 1125(a), and Defendants' willfulness and bad faith, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT III – FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

62.    Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

63.    Defendants have used and continue to use FED Fitness's trade dress in commerce, or counterfeits, reproductions, copies, or colorable imitations thereof.

64.    The acts of Defendants complained of herein constitute trade dress infringement, false designations of origin, false or misleading descriptions or representations of fact on or in connection with goods or services, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.    Plaintiffs have been damaged by Defendants' acts in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66.    The nature of Defendants' acts in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and/or Defendants' willfulness and bad faith, make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT IV – TRADE DRESS INFRINGEMENT
### (Under the Common Law)

67.    Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

68.    The acts of Defendants complained of herein constitute trade dress infringement in violation of the common law.

69.    Plaintiffs have been damaged by Defendants' acts of common law trade dress infringement.

### COUNT V – INJURY TO BUSINESS REPUTATION OR TRADE DRESS
### (Tex. Bus. & Com. Code § § 16.29, 16.103)

70.    Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

71.    The acts of Defendants complained of herein are likely to cause injury to FED Fitness's business reputation and to dilute the distinctive quality of FED Fitness's trade dress in violation of Texas law, including Tex. Bus. & Com. Code § 16.29, regardless of whether there is competition between the parties or confusion as to the source of goods or services.

72.    The acts of Defendants complained of herein are also likely to cause injury to FED Fitness's business reputation and to dilute the distinctive quality of FED Fitness's trade dress, in violation of the Texas Anti-Dilution Statute, Tex. Bus. & Com. Code § 16.103.

73.    Defendants' acts have caused injury to FED Fitness's business reputation and dilution of FED Fitness's trade dress in violation of the Texas statutes cited above.

### COUNT VI – TEXAS COMMON LAW UNFAIR COMPETITION

74.    Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

75.    The acts of Defendants complained of herein constitute trade dress infringement, false designations of origin, false advertising, dilution, and other unfair competition in violation of Texas common law.

76.    Plaintiffs have been and continue to be damaged by Defendants' conduct in an amount to be determined at trial.

77.     Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith.

78.     By reason of the foregoing acts, Defendants have caused, and unless enjoined will continue to cause, irreparable harm to Plaintiffs. Plaintiffs have no adequate remedy at law to address these injuries.

## COUNT VII – UNJUST ENRICHMENT

79.     Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

80.     Defendants have been and continue to be unjustly enriched at the expense of Plaintiffs by Defendants' acts complained of herein.

81.     Specifically, Defendants have taken unfair advantage of Plaintiffs by trading on and profiting from the goodwill and reputation associated with FED Fitness's trade dress and Shenlaiyibi's patented designs, resulting in Defendants wrongfully obtaining a monetary and reputational benefit for their own business and products.

82.     Defendants' acts complained of herein constitute unjust enrichment at Plaintiffs' expense in violation of Texas common law.

83.     Plaintiffs have been damaged by Defendants' acts of unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants as follows:

A.     That the Court find Defendants have directly infringed U.S. Design Patent No. D950654 (the "'654 Patent") and U.S. Design Patent No. D948642 (the "'642 Patent") and hold Defendants liable for such infringement;

B.      That the Court preliminarily and permanently enjoin Defendants from further infringement of the Patents-in-Suit;

C.      That the Court award damages pursuant to 35 U.S.C. § 284 adequate to compensate Shenlaiyibi for Defendants' past infringement of the Patents-in-Suit (and to the extent not otherwise awarded an injunction, present and ongoing damages), including both pre- and post-judgment interest and costs as fixed by the Court;

D.      That the Court increase the damages to be awarded to Shenlaiyibi for patent infringement by three times the amount found by the jury or assessed by the Court;

E.      That the Court declare this to be an exceptional case entitling Shenlaiyibi to an award of its reasonable attorneys' fees under 35 U.S.C. § 285;

F.      That the Court find Defendants have infringed FED Fitness's trade dress in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), and hold Defendants liable for such infringement;

G.      That the Court preliminarily and permanently enjoin Defendants, their affiliates, subsidiaries, related companies, and all those acting in concert or participation with them from:

        a)      further infringement of Plaintiffs' trade dress, including but not limited to making, using, offering for sale, selling, importing, and/or distributing fitness products embodying Plaintiffs' trade dress;

        b)      otherwise competing unfairly with Plaintiffs in any manner, including unlawfully adopting or using any product designs that are likely to cause confusion with Plaintiffs' products;

    c)      committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be to infringe or dilute Plaintiffs' trade dress, or to confuse, mislead, or deceive consumers as to the affiliation, connection, or association of Defendants with Plaintiffs or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Plaintiffs; and

    d)      conspiring with, aiding, assisting, or abetting any other person or business entity in engaging in or performing any of the activities referred to above.

H.    That the Court order Defendants, their affiliates, subsidiaries, related companies, and all those acting in concert or participation with them to:

    a)      remove from all websites any depiction of or reference to the infringing products;

    b)      recall and destroy all products and packaging consisting of, involving, or related to the infringing designs and provide proof to the Court of the same;

    c)      destroy any and all advertising, promotional, or other materials pertaining to the infringing products and provide proof to the Court of the same.

I.    That the Court require Defendants to file with this Court and serve upon Plaintiffs within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants complied with the injunction;

J.      That the Court require Defendants to account for, and turn over to Plaintiffs, all profits realized as a result of their infringement and other unlawful acts, such award of profits to be enhanced as the Court finds just under the circumstances of this case;

K.      That the Court award damages adequate to compensate Plaintiffs for Defendants' past infringement of Plaintiffs' trade dress (and to the extent not otherwise awarded an injunction, present and ongoing damages), including both pre- and post-judgment interest and costs as fixed by the Court;

L.      That the Court determine that this case is "exceptional" under 15 U.S.C. § 1117(a);

M.      That the Court increase the damages to be awarded to Plaintiffs for trade dress infringement by three times the amount found by the jury or assessed by the Court;

N.      That the Court award Plaintiffs such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury of all issues so triable.

DATED:  September 15, 2025                    Respectfully submitted,

By:   */s/ Hongchang Deng*
          Hongchang Deng
          LEAD ATTORNEY
          California Bar No. 354529
          2108 N St., Ste.9124
          Sacramento, CA 95816
          M: +267 8888281
          Email:Rdeng@lawmayus.com

          */s/ Mingbo Ye*
          Mingbo Ye
          LEAD ATTORNEY
          TX. Bar No. 24124835
          MY IP & TRUST LAW

12603 Southwest Fwy Suite 210
Stafford Texas 77477
M: 832-755-5640
Email: mye@myiptrustlaw.com

*Attorneys for Plaintiffs*