IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SHENZHEN SHENLAIYIBI INTELLIGENT TECHNOLOGY CO., LTD.<br>AND<br>YI WU SHI ZHAO EN TI YU YON PIN YOU XIAN GONG SI D/B/A FED FITNESS,<br>          Plaintiffs,<br>          v.<br>SHENZHENSHIHAOQINGWANGLUOKEJIYOUXIANGONGSI D/B/A UNNMIIY FITNESS, SHENZHENXHIXINJUNLONGKEJIYOUXIANGONGSI D/B/A US-UNNMIIY, AND<br>HANGZHOUZIKEDIAZISHANGWU CO., LTD. D/B/A BRANDONSUPER,<br>          Defendants. | Case No. 4:25-cv-01007<br><br>Judge: Amos L. Mazzant |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND
THE TEMPORARY RESTRAINING ORDER**

      Defendants Unnmiiy Fitness and US-Unnmiiy (collectively, "Defendants"), by and through undersigned counsel, oppose Plaintiffs' Motion to Extend the Temporary Restraining Order (Doc. 11).

      A temporary restraining order is an "extraordinary remedy." *Crump v. Gilmer Independent School Dist.*, 797 F. Supp. 552, 553 (E.D. Tex. 1992). And as discussed in Defendants' Opposition Brief (Doc. 11), not only do Plaintiffs have no viable case for either patent or trade dress infringement, this is an exceptional case that will ultimately lead to an award of Defendants' attorneys' fees.[1]

---

[1] Before filing its Motion to Extend the TRO, Plaintiffs' counsel knew that its client obtained a design patent for the same subject matter in China nearly two years before the US application's effective filing date and that its client committed inequitable conduct by not disclosing that fact to the USPTO. *See* Doc. 11. Plaintiffs' counsel was also aware of its client's prior sales that bar U.S.

1

Under Rule 65(b)(3), if the temporary restraining order is issued without notice, such as in this case, "the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order."

Even ignoring Plaintiff's misconduct at the USPTO and lack of any chance of success on the merits, Plaintiffs have provided no good cause to divert from Rule 65(b)(3). Plaintiffs provide no information regarding when it served the Platforms or what information has not been produced by the Platforms, and no reason that any information is required from the Platforms to prepare for the Preliminary Injunction hearing. In fact, whatever information Plaintiffs receive from the Platforms will have no bearing on the Preliminary Injunction hearing. Further, the information provided in Defendants' Opposition to Plaintiff's Motion for TRO is all publicly available and easily verifiable.

Each day this injunction remains in effect is another day that Defendants are unjustly harmed, and Defendants very strongly oppose Plaintiffs' request to delay the Preliminary Injunction hearing set for October 8 or to extend the TRO. Respectfully, Defendants request their day in Court on October 8 – or earlier if acceptable to the Court – to address this issue in person.

Dated: October 3, 2025

Respectfully Submitted,

/s/ _____
A. Justin Poplin, #21598
**AVEK IP, LLC**
7285 W. 132nd Street, Suite 340
Overland Park, KS 66213
Phone: 913-303-3841
jpoplin@avekip.com

---

patent protection. *Id.* As such, Plaintiffs' counsel should be liable along with Plaintiffs for Defendants' attorneys' fees.